DAVID I. DALBY SBN: 114750
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415-362-6000
Facsimile:   415-834-9070

-and-

EDWARD K. LENCI (PRO HAC VICE)
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 94111
Telephone:  212-471-6200
Facsimile:   212-935-1166

Attorneys for Defendant
SIOUX HONEY ASSOCIATION,
COOPERATIVE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN TRAN, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIOUX HONEY ASSOCIATION, COOPERATIVE,<br><br>Defendant. | Case No. 8:17-CV-00110-JLS-SSx<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation ("the Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of Confidential and Highly Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this

Protective Order shall govern the handling of discovery materials in the Litigation:

1.  **Applicability of Order**:  This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information.

2.  **Designation of Material**:  Any Producing Party may designate Discovery Material that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in sections 4 and 5 below (hereinafter "Confidential Material" or "Highly Confidential Material").

3.  **Exercise of Restraint and Care in Designating Material for Protection**:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

4.  **Confidential Material**:  For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former

1  Rule 26(c)(7).

2      5.  **Highly Confidential Material**:  For purposes of this Order, Highly

3  Confidential Material is any Confidential Material, as defined in paragraph 4, which

4  also includes non-public product and testing information or extremely sensitive,

5  highly confidential, non-public information, consisting either of trade secrets or

6  proprietary or other highly confidential business, financial, regulatory, or strategic

7  information (including information regarding business plans, technical data, ~~and~~ non-

8  public designs, and computer source code and related materials), the disclosure of

9  which would create a substantial risk of competitive or business injury to the

10  Producing Party.

11      6.  **Designating Confidential Material or Highly Confidential Material**:

12  The designation of Discovery Material as Confidential Material or Highly

13  Confidential Material for purposes of this Order shall be made in the following

14  manner:

15          a.  **Documents**:  In the case of documents or other materials (apart

16      from depositions or other pre-trial testimony), designation shall be made by

17      affixing the legend "Confidential" or "Highly Confidential" to each page

18      containing any Confidential or Highly Confidential Material, respectively.

19          b.  **Deposition and Other Proceedings**:  In the case of depositions or

20      other pre-trial testimony, designation of the portion of the transcript (including

21      exhibits) which contains Confidential Material or Highly Confidential Material

22      shall be made (i) by a statement to such effect on the record during the

23      proceeding in which the testimony is received, or (ii) by written notice served

24      on counsel of record in this Litigation within thirty (30) business days after the

25      receipt of the draft transcript of such proceeding.  However, before such thirty

26      (30) day period expires, all testimony, exhibits and transcripts of depositions or

27      other testimony shall be treated as Highly Confidential Material.  All portions

28      of deposition transcripts not designated Confidential Material or Highly

Confidential Material as provided in paragraphs 4 and 5 shall be deemed not confidential.

c. **Non-Written Materials**: Any non-written Confidential Material or Highly Confidential Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential" or "Highly Confidential." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

7. **Inadvertent Disclosure**: The inadvertent failure to designate Discovery Material as Confidential or Attorney's Eye Only does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

8. **Notes of Confidential Material or Highly Confidential Material**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, that quote from or paraphrase, Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this

1   Protective Order.

2       9.   **Notice To Non-Parties**: Any Party issuing a subpoena to a non-party

3   shall enclose a copy of this Protective Order with a request that, within ten (10)

4   calendar days, the non-party either request the protection of this Protective Order or

5   notify the issuing party that the non-party does not need the protection of this

6   Protective Order or wishes to seek different protection.

7       10.   **Persons Authorized To Receive Confidential Material**:   Discovery

8   Material designated "Confidential" may be disclosed, summarized, described,

9   characterized or otherwise communicated or made available in whole or in part only

10  to the following persons:

11          a.   The Court, persons employed by the Court who are necessary for

12      the handling of the Litigation, and court reporters transcribing the testimony or

13      argument at a hearing, trial or deposition in this Litigation or any appeal there

14      from;

15          b.   Counsel of record in this Litigation, as well as paralegals,

16      technical, administrative and clerical employees working under the direct

17      supervision of such counsel;

18          c.   Subject to paragraph 12 hereof, experts or consultants assisting any

19      counsel of record in this Litigation, provided such experts and consultants have

20      signed the "Agreement Concerning Information Covered by Protective Order"

21      attached hereto as Exhibit A;

22          d.   Officers, directors or employees of parties who have a need to

23      know such information for purposes of this Litigation and who have signed the

24      "Agreement Concerning Information Covered by Protective Order" attached

25      hereto as Exhibit A;

26          e.   Graphics, translation, or design services retained by counsel of

27      record in this Litigation for purposes of this Litigation, provided such services

28      have signed the "Agreement Concerning Information Covered by Protective

Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

f.     Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A. A signature by an authorized representative of company the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

g.     During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (except that persons described in sub-paragraph (h) below do not need to sign Exhibit A to be shown Confidential Material in their depositions). In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over such witness such order and directions directed specifically to such witness containing such provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

h.     Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the

Confidential Material; and

i.     Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

11.   **Persons Authorized To Receive Highly Confidential Material**: Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a.     The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b.     Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

c.     Subject to paragraph 12 hereof, experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

d.     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

e.     Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning

1    Information Covered by Protective Order" attached hereto as Exhibit A;

2        f.      During their depositions, witnesses in the Litigation to whom
3    disclosure is reasonably necessary and who have signed the "Agreement
4    Concerning Information Covered by Protective Order" attached hereto as
5    Exhibit A (except that persons described in sub-paragraph (g) below do not
6    need to sign Exhibit A to be shown Highly Confidential Material in their
7    depositions);

8        g.      Any person indicated by a document marked Highly Confidential
9    Material to be an author, addressee, or copy recipient of the Highly Confidential
10   Material, or as to whom there has been testimony, whether at deposition or trial
11   or by declaration or affidavit, that the person was the author or recipient of the
12   Highly Confidential Material; and

13       h.      Any other person, only upon order of the Court or upon stipulation
14   of the Producing Party, and who has signed the "Agreement Concerning
15   Information Covered by Protective Order" attached hereto as Exhibit A.

16       12.    **Qualification of Outside Experts and Consultants**:      Neither
17   Confidential nor Highly Confidential Material shall be disclosed to any outside
18   experts or consultants who are current employees of a direct competitor of SHA.
19   With respect to outside experts or consultants who were employed by a direct
20   competitor of SHA within one (1) year from the date of this Order, Confidential and
21   Highly Confidential Material may be shared with those experts or consultants only
22   after counsel for SHA in this Litigation are given at least twenty (20) days prior
23   written notice of the identity of the expert or consultant to whom such Confidential or
24   Highly Confidential Material is to be disclosed (including his or her name, address,
25   current job title and the names of any direct competitors by which he has been
26   employed), are afforded an opportunity to object to the disclosure of the Confidential
27   or Highly Confidential Material, and a resolution to any such objection has been
28   reached.     Notwithstanding paragraphs 10(c) and 11(c), Confidential Material or

Highly Confidential Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

13. **Use of Discovery Material**: Discovery Material containing Confidential and/or Highly Confidential Material shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential (defined below) shall maintain those materials in accordance with Paragraph 18 below.

14. **Agreement Must Be Signed Prior To Disclosure.** Each person to whom Confidential or Highly Confidential Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) pursuant to Paragraphs 10(c)-10(h), 10(j), 11(b)-11(0, and 11(h) shall do so prior to the time such Material is disclosed to him or her.

15. **Exclusion of Individuals From Depositions**: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential, but only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

16. **Storage Of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

17. **Filing of Confidential Material or Highly Confidential Material.** Without written permission from the Producing Party or a court order, a party may not file in the public record in this action any Confidential Material or Highly

Confidential Material.  The parties shall comply with Local Rule 79-5 when seeking to file Confidential Material or Highly Confidential Material under seal.

The party desiring to place any Confidential Material or Highly Confidential Material before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Material or Highly Confidential Material under seal and a copy of a Proposed Order Sealing Documents.   Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "Confidential Material" or "Highly Confidential Material," and a statement substantially in the following form:

> THIS  ENVELOPE  CONTAINS  MATERIALS  SUBJECT  TO  A
> PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS NOT
> TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED,
> REVEALED, OR MADE PULBIC, EXCEPT BY ORDER OF THE
> COURT. UNLESS THE COURT ORDERS THAT IT NOT BE FILED,
> IT SHALL BE FILED UNDER SEAL.

Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential Material or Highly Confidential Material (or any references thereto).

The parties shall also comply with Local Rule 79-5.4 with respect to the appropriate treatment of personal identifier information in connection with any filing with the Court.

18.   **No Prejudice**: Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Order shall not:

a.     Prejudice in any way the rights of the parties to object to the

10

production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material or Highly Confidential Material;

b.     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

c.     Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material or Highly Confidential Material should be subject to the terms of this Order;

d.     Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

e.     Prevent a Disclosing Party from authorizing disclosure of its own Confidential Material or Highly Confidential Material to any party.

19.    **Challenging Designation of Materials**:  A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

a.     **Challenge**:  The Receiving Party may challenge the propriety of a Confidential Material or Highly Confidential Material designation by providing to Producing Party a writing which briefly:   (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

b.     **Meet and Confer and Motion**:  Once a challenge is made, the Producing Party will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, Producing Party will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Material or Highly

Confidential Material designation(s). If the Producing Party does not initiate the discovery motion process under Local Rule 37 within ninety (90) days of a challenge, the subject Confidential Material designation or Highly Confidential Material designation is effectively withdrawn and the subject documents and material may be used for all purposes in this Litigation. The Receiving Party must make de-designation requests in good faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited.

c. **Status of Challenged Designation Pending Judicial Determination**: Until the court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

20. **No Application to Public or Otherwise Available Information**: This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or (iv) has been published to the general public. If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in paragraph 19 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

21. **No Waiver of Privilege**: Disclosure (including production) of

information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to , any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding.   This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure also is not a waiver in any other Federal or State proceeding."   Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production.   After being notified, all other Parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified.   If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information.   The Parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies.   If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or

protection.   The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party.  In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above in paragraph 6(b), within thirty (30) days after the deposition that the document was privileged or protected and should be returned.

22.   **Additional Parties or Attorneys**:  In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.  If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

23.   **Protective Order Remains In Force**:  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.   Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

24.   **No Prejudice For Further Relief**:  This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

25. **No Waiver of Grounds For Producing Material**:   This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

26. **Conclusion of Litigation**:  Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material or Highly Confidential Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material or Highly Confidential Material and, in either case, certify that fact to counsel for the Producing Party.   Counsel of record shall make arrangements for the return of Confidential Material or Highly Confidential Material that counsel of record provided to any persons or entities in paragraphs 11 and 12, except the Court, court personnel and court reporters.   Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Confidential Material or Highly Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material.   All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

27. **No Loss of Confidential or Highly Confidential Status By Use In Litigation or Appeal**:   In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use.   Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of

1   any court proceedings, including petitioning the Court to close the court room.

2       28.   **Protected Material Subpoenaed or Ordered Produced in Other**

3   **Actions**:  If any person receiving documents covered by this Order (the "Receiver") is

4   served with a subpoena, order, interrogatory, or document or civil investigative

5   demand (collectively, a "Demand") issued in any other action, investigation, or

6   proceeding, and such Demand seeks Discovery Material that was produced or

7   designated as Confidential Material or Highly Confidential Material by someone other

8   than the Receiver, the Receiver shall give prompt written notice by hand or facsimile

9   transmission within seven (7) business days of receipt of such Demand to the person,

10  party, or third party who produced or designated the material as Confidential Material

11  or Highly Confidential Material, and to that person's, party's, or third party's

12  attorneys of record, and shall object to the production of, and not produce, such

13  Materials on the grounds of the existence of this Order.  The burden of opposing the

14  enforcement of the Demand shall fall upon the party who produced or designated the

15  material as Confidential Material or Highly Confidential Material.  Unless the person,

16  party, or third party who produced or designated the Confidential Material or Highly

17  Confidential Material obtains an order directing that the Demand not be complied

18  with, and serves such order upon the Receiver prior to production pursuant to the

19  Demand, the Receiver shall be permitted to produce documents responsive to the

20  Demand on the Demand response date.  Compliance by the Receiver with any order

21  directing production pursuant to the Demand of any Confidential Material or Highly

22  Confidential Material shall not constitute a violation of this Order.  Nothing herein

23  shall be construed as authorizing a party to disobey a lawful subpoena.

24      29.   **Advice Based on Discovery Material Allowed**:   Nothing in this

25  Protective Order shall bar or otherwise restrict any attorney from rendering advice to

26  his client with respect to this litigation and, in the course of rendering advice, referring

27  to or relying generally on the examination of Confidential Material or Highly

28  Confidential Material; provided, however, that in rendering such advice and in

1   otherwise communicating with his client, the attorney shall not disclose the contents

2   of any Confidential Material or Highly Confidential Material produced by another

3   party if that disclosure would be contrary to the terms of this Protective Order.

4       30.   **Redaction Allowed**:   Any Producing Party may redact from the

5   documents and things it produced matter that the Producing Party claims is subject to

6   attorney-client privilege, work product immunity, a legal prohibition against

7   disclosure, or any other privilege or immunity.   The Producing Party shall mark each

8   thing where matter has been redacted with a legend stating "REDACTED," as

9   appropriate, or a comparable notice.   Where a document consists of more than one

10   page, at least each page on which information has been redacted shall be so marked.

11   The Producing Party shall preserve an unredacted version of each such document.

12       31.   **Violations of Protective Order**:   In the event that any person or party

13   should violate the terms of this Protective Order, the aggrieved Disclosing Party

14   should apply to the Court to obtain relief against any such person or party violating or

15   threatening to violate any of the terms of this Protective Order.   If aggrieved

16   Disclosing Party seeks injunctive relief, it must petition the District Judge for such

17   relief, which may be granted at the sole discretion of the District Judge. The parties

18   and any other person subject to the terms of this Protective Order agree that this Court

19   retains jurisdiction over it and them for the purpose of enforcing this Protective Order.

20       32.   **Headings**: The headings herein are provided only for the convenience of

21   the parties, and are not intended to define or limit the scope of the express terms of

22   this Protective Order.

23   **IT IS SO STIPULATED,** through Counsel of Record.

24   DATED:  May 20, 2019          HINSHAW & CULBERTSON LLP

25

26                             By: */s/Edward K. Lenci*

27                             Edward K. Lenci
                          *Attorneys for Defendant*

28                             SIOUX HONEY ASSOCIATION ,
                          COOPERATIVE

1

2 DATED: May 20, 2019

3

RICHMAN LAW GROUP

4

By: _/s/ Kim E. Richman_

5

Kim E. Richman
*Attorneys for Plaintiff*

6

SUSAN TRAN, on her own behalf and
as representative of a class of persons
similarly situated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

# **EXHIBIT A**

## **UNITED STATES DISTRICT COURT**

## **CENTRAL DISTRICT OF CALIFORNIA**

## **SOUTHERN DIVISION**

| | |
|---|---|
| SUSAN TRAN, on Behalf of Herself and all Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>SIOUX HONEY ASSOCIATION, COOPERATIVE,<br><br>    Defendant. | Case No. 8:17-CV-00110-JLS-JCG<br><br>**STIPULATED PROTECTIVE ORDER** |

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this action (Case No. 8:17-CV-00110-JLS-JCG) by the United States District Court for the Central District of California, Southern Division (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Material or Highly Confidential Material, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

/ / /

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is _____

My present employer is _____

Dated: _____

Signed: _____

303740791v1 0992100

STIPULATED PROTECTIVE ORDER – Case No. 8:17-CV-00110-JLS-JCG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

SUSAN TRAN, on Behalf of Herself and all Others Similarly Situated,

        Plaintiff,

  vs.

SIOUX HONEY ASSOCIATION, COOPERATIVE,

        Defendant.

Case No. 8:17-CV-00110-JLS-SSx

**STIPULATED PROTECTIVE ORDER**

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation ("the Litigation"), the parties have agreed and stipulated, through their respective counsel, to the entry of the following Protective Order for the protection of Confidential and Highly Confidential Materials (as defined therein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the Litigation:

### IT IS ORDERED.

Dated: ~~May~~ June 5 , 2019

_____
U.S. ~~District~~ Judge

MAGISTRATE

303740811v1 0992100