Kim E. Richman (admitted *Pro Hac Vice*)
Email: krichman@richmanlawgroup.com
Jaimie Mak, Of Counsel (State Bar No. 236505)
Email: jmak@richmanlawgroup.com
**RICHMAN LAW GROUP**
8 W. 126th Street
New York, NY 10027
Telephone: (212) 687-8291
Facsimile: (212) 687-8292

Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

*Attorneys for Plaintiff and the Proposed Class*

[*Additional counsel appears on signature page.*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SUSAN TRAN, on Behalf of Herself and all Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIOUX HONEY ASSOCIATION, COOPERATIVE,<br><br>Defendant. | Case No.: 8:17-cv-00110-JLS-SS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: October 25, 2019<br>Time: 10:30 a.m.<br>Crtrm.:      10A; 10th FL<br><br>Hon. Josephine L. Staton |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   ARGUMENT ....................................................................................... 3

   A.   Plaintiff Meets the Rule 23(a) Class Certification Requirements........................ 3

      1.   Legal Standard Class Certification ................................................ 3

      2.   The Proposed Class is Ascertainable. .............................................. 4

      3.   The Proposed Class meets All Four Requirements of Rule 23(a). ................... 5

         a.   Numerosity ............................................................... 5

         b.   Commonality ............................................................. 5

   B.   Certification of a Class for Injunctive Relief Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is Appropriate. .......................................... 9

      1.   Plaintiff Has Article III Standing to Seek Injunctive Relief on Behalf of the Class. ...................................................................................... 12

         a.   Article III Standing Principles ........................................ 12

         b.   Plaintiff Faces the Threat of Repeated Injury Because She May Purchase Honey in the Future and Will Never Be Able to Rely on the Marketing Statements. ............................................................ 14

   C.   The Class Can Be Certified Under Rule 23(c)(4). ..................................... 16

III.  CONCLUSION .................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Allen v. ConAgra*,
  No. 3:13-cv-01279-WHO, 2018 U.S. Dist. LEXIS 208196 (N.D. Cal. Dec. 10, 2018) 12

*Amgen Inc. v. Conn. Ret. Plans and Trust Funds*,
  133 S. Ct. 1184 (2013) ........................................................................................ 3

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ...................................................................... 12, 15

*Astiana v. Kashi Co.*,
  291 F.R.D. 493(S.D. Cal. 2013) ............................................................................ 4

*Brazil v. Dole Packaged Foods, LLC*,
   No. 12-CV-01831-LHK, 2014 U.S. Dist. LEXIS 74234 (N.D. Cal. May 30, 2014) .... 10

*Carlough v. Amchem Prods., Inc.*,
  834 F. Supp. 1437 (E.D. Pa. 1993) ..................................................................... 12

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
  631 F.3d 939 (9th Cir. 2011) .............................................................................. 12

*Chavez v. Blue Sky Natural Bev. Co.*,
  268 F.R.D. 365 (N.D. Cal. 2010) .......................................................................... 4

*Comcast Corp. v. Behrend*,
  33 S. Ct. 1426 (2013) ........................................................................................... 3

*Davidson v. Kimberly Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .............................................................................. 11

*Dean v. Colgate-Palmolive Co.*,
  No. EDCV 15-0107 JGB (DTBx), 2015 U.S. Dist. LEXIS 80150, (C.D. Cal. June 17,
  2015) ................................................................................................................. 13

*Duran v. Creek*,
  No. 3:15-cv-05497-LB, 2016 U.S. Dist. LEXIS 41650 (N.D. Cal. Mar. 28, 2016) ....... 13

*Ebin v. Kangadis Foods, Inc.*,
  297 F.R.D. 561 (S.D.N.Y. 2014) ........................................................................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ............................................................................................ 3

*Ellis v. Costco Wholesale Corp.*,
  285 F.R.D. 492 (N.D. Cal. 2012) ..................................................................... 16

*Forcellati v. Hyland's, Inc.*,
  No. CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600 (C.D. Cal. Apr. 19,
  2014) ............................................................................................................... 4, 8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
  528 U.S. 167 (2000) .......................................................................................... 12

*Guido v. L'Oreal, USA, Inc.*,
  No. CV 11-1067 CAS (JCx) and CV 11-5465 CAS (JCx), 2013 U.S. Dist. LEXIS
  94031 (C.D. Cal. July 1, 2013) ........................................................................... 4

*In re Motor Fuel Temperature Sales Practices Litig.*,
  292 F.R.D. 652 (D. Kan. 2013) ........................................................................ 18

*In re Nassau County Strip Search Cases*,
  461 F.3d 219 (2d Cir. 2006) ............................................................................. 17

*Koehler v. Litehouse, Inc.*,
  No. CV 12-04055 SI, 2012 U.S. Dist. LEXIS 176971 (N.D. Cal. Dec. 13, 2012) ........ 13

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ........................................................................................ 1

*La Duke v. Nelson*,
  762 F.2d 1318 (9th Cir. 1985) .................................................................... 12, 15

*Lanovaz v. Twinings N. Am., Inc.*,
  No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 57535 (N.D. Cal. Apr. 24, 2014) 10, 13

*Larsen v. Trader Joe's Co.*,
  No. C 11-05188 SI, 2012 U.S. Dist. LEXIS 162402 (N.D. Cal. June 14, 2012) .......... 13

*Lilly v. Jamba Juice Co.*,
  308 F.R.D. 231 (N.D. Cal. 2014) ...................................................................... 18

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .......................................................................................... 12

iv
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

*Mason v. Nature's Innovation, Inc.*,
   No. 12cv3019 BTM(DHB), 2013 U.S. Dist. LEXIS 68072 (S.D. Cal. May 13, 2013) . 15

*McCrary v. Elations Co.*,
   No. EDCV 13-00242 JGB (OPx), 2014 U.S. Dist.  LEXIS  8443 (C.D.  Cal. Jan.  13,
   2014) ........................................................................................................................ 4

*Moore v. Hughes Helicopters, Inc., Div. of Summa Corp.*,
   708 F.2d 475 (9th Cir. 1983) ................................................................................ 3

*Parkinson v. Hyundai Motor Am.*,
   258 F.R.D. 580 (C.D. Cal. 2008) .......................................................................... 4

*Pinon v. Tristar Prods.*,
   No. 1:16-cv-00331-DAD-SAB, 2016 U.S. Dist. LEXIS 118611 (E.D. Cal. Sept. 1,
   2016) ...................................................................................................................... 13

*Ries v. Ariz. Bev. USA L.L.C.*,
   287 F.R.D. 523 (N.D. Cal. 2012) ................................................................... passim

*United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*,
   593 F.3d 802 (9th Cir. 2010) ................................................................................ 3

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) ................................................................................ 16

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) ................................................................................... 1, 9

*Warth v. Seldin*,
   422 U.S. 490 (1975) .............................................................................................. 12

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008) ................................................................................ 17

*Zeisel v. Diamond Foods, Inc.*,
   No. C 10-01192 JSW, 2011 U.S. Dist. LEXIS 60608 (N.D. Cal. June 7, 2011) ............ 4

**Rules**
Fed. R. Civ. P. 23 ...................................................................................... passim

**Treatises**

v

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Charles Alan Wright & Arthur R. Miller,
   Federal Practice & Procedure § 1790 (3d ed. 2005)........................................................16

vi

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

## I.   __INTRODUCTION__

This proposed class action suit depends on one common contention: did Sioux Honey Association, Cooperative ("Sioux Honey" or "Defendant") falsely or deceptively advertise its Sue Bee Products[1] as "Pure" or "100% Pure" when they actually contain residue of the synthetic biocide glyphosate?[2] This common contention is "capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

In *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 328 (2011), one of the leading cases on false advertising, the California Supreme Court wrote: "Simply stated: labels matter. The marketing industry is based on the premise that labels matter—that consumers will choose one product over another similar product based on its label[.]" *Id.* The California Supreme Court was right. Plaintiff Susan Tran ("Plaintiff") bought the Sue Bee Products at issue because they were labeled as "Pure" or "100% Pure," precisely as Defendant intended. *See* Declaration of Plaintiff Susan Tran in Support of Class Certification ("Tran Decl.") at ¶ 4.

---

[1] The Sue Bee Products at issue include: Sue Bee Clover Honey, Sue Bee Orange Honey, Sue Bee Sage Honey, Sue Bee LT. Amber Honey, Sue Bee Bulk Honey, Sue Bee Spun Clover Honey, Aunt Sue's Raw unfiltered Clover Honey, Aunt Sue's Raw unfiltered Wildflower Honey, Aunt Sue's Organic Honey, Blossomology Organic Honey, North American Honey, and Bradshaw Honey. *See* Declaration of Kim Richman in Support of Class Certification ("Richman Decl."), Ex. A (Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories, at No. 1).

[2] Discovery indicates that Defendant Sioux Honey is, and was, aware of the presence of glyphosate in the Products. *See, e.g.,* Richman Decl., Ex. B (SHA-001447) (confirming Defendant is aware that honey may contain seven pesticides based on FDA study, including glyphosate); *id.* Ex. C (SHA-000474) (confirming Defendant is aware that glyphosate has been found in honey products in general).

1  Unfortunately for Plaintiff, she was misled because the Sue Bee Products are not
2  "Pure" or "100% Pure." Rather, they contain residue of the synthetic biocide glyphosate.[3]

3  Plaintiff now seeks certification of a class for injunctive relief under Rule 23(b)(2)
4  and of an issue class under Rule 23(c)(4).  While fact discovery is ongoing, the evidence
5  uncovered to date shows that Plaintiff's and Class Members' claims arise from Defendant's
6  uniform course of conduct, and that all the factual issues necessary to resolve Plaintiff's
7  and Class Members' claims against Defendant are common issues that can be proven on a
8  class-wide basis through documents, testimony of key corporate personnel, and expert
9  testimony. Specifically, the evidence adduced thus far shows that the word "Pure" has been
10 used on Sue Bee Product labels for many years, and in January 2015, Defendant began
11 using the phrase "100% Pure" on some of the Sue Bee Product labels.[4] *See* Richman Decl.,
12 Ex. A, at No. 6. Plaintiff can prove entitlement to injunctive relief on a common basis
13 because Defendant continues to use these claims on its Sue Bee Products.[5]

14 As detailed below, Plaintiff meets all of the requirements of Rule 23(a), Rule
15 23(b)(2), and Rule 23(c)(4), and this Court should grant class certification. Plaintiff seeks
16 an order from the Court certifying an injunctive relief class and an issue class defined as
17 "All persons residing in California, who, from January 2014 to the Present, purchased, for
18 personal use and not resale, Sue Bee Products" (hereafter, the "Class"). The injunctive
19 relief that Plaintiff seeks is the removal of the term "Pure" from all Sue Bee Product labels,
20 including those labels that still contain the "100% Pure" representation.

---

[3] *See supra* note 2.
[4] In its interrogatory responses, Defendant stated that in late 2017 or early 2018, Defendant removed the wording "100% Pure" "on labels of some SHA honey products" and changed the representation to "Pure." *See* Richman Decl., Ex. A at No. 6.  However, Defendant has not indicated which, if any, Sue Bee Products still contain the "100% Pure" representation.
[5] As noted above, Defendant has indicated that it removed the "100% Pure" claim "on labels of some SHA honey products," but has indicated no plans to remove the "Pure" representation.

Accordingly, Plaintiff respectfully requests that the Court grant certification of an injunctive relief class under Rule 23(b)(2) and a relevant issue class under Rule 23(c)(4).

## II.   ARGUMENT

### A.   Plaintiff Meets the Rule 23(a) Class Certification Requirements.

#### 1.   Legal Standard Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs class certification. In order to obtain class certification, a plaintiff must first satisfy the requirements set forth in Rule 23 (a), which allows a court to certify a class if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The proponent seeking class certification must also meet the requirements of at least one of Rule 23 (b)'s subsections. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

Although the class certification analysis may include "some inquiry into the substance of a case . . . it is improper to advance a decision on the merits to the class certification stage." *Moore v. Hughes Helicopters, Inc., Div. of Summa Corp.*, 708 F.2d 475, 480 (9th Cir. 1983). As the Supreme Court stated in *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S. Ct. 1184 (2013), "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 1194-1195. Consequently, whether a plaintiff "will prevail on the merits" is irrelevant—the only consideration for the court in its certification analysis is "whether the requirements of Rule 23 are met. . ." *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)).

## 2.     The Proposed Class is Ascertainable.

There is no explicit requirement in Rule 23 for a class definition. Nevertheless, courts have held that a class must be ascertainable before proceeding. "The requirement of an ascertainable class is met as long as the class can be defined through objective criteria." *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600, *13 (C.D. Cal. Apr. 19, 2014) (citation omitted); *see also Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 594 (C.D. Cal. 2008) (stating that a class is sufficiently ascertainable if "the proposed class definition allows prospective plaintiffs to determine whether they are class members with a potential right to recover. . ."). In food product cases, district courts within the Ninth Circuit have repeatedly found ascertainabilty when the class is defined by the purchase of specific products during a specified time period. *See, e.g., McCrary v. Elations Co.,* No. EDCV 13-00242 JGB (OPx), 2014 U.S. Dist.  LEXIS 8443, *21 (C.D.  Cal. Jan.  13, 2014) (certifying class of people who bought Elations since January 28, 2009); *Forcellati*, 2014 U.S. Dist. LEXIS 50600 at *13 (certifying a class of persons who bought Hyland products on or after March 8, 2008); *Ebin v. Kangadis Foods, Inc.*, 297 F.R.D. 561, 564 (S.D.N.Y. 2014) (certifying class of persons who bought olive oil products packed before March 1, 2013).[6]

---

[6] *See also*, *Astiana v. Kashi Co.,* 291 F.R.D. 493, 500 (S.D. Cal. 2013) (certifying class of people who bought Kashi products labeled as "all natural" during a specified time period); *Guido v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS (JCx) and CV 11-5465 CAS (JCx), 2013 U.S. Dist. LEXIS 94031, *51-54 (C.D. Cal. July 1, 2013) (finding ascertainability where the class was defined as a consumer who purchased a specified hair product after a particular date); *Ries v. Ariz. Bev. USA L.L.C.*, 287 F.R.D. 523, 535 (N.D. Cal. 2012) (stating that ascertainability was satisfied where class members may self-identify themselves as purchasing ice tea with "natural" on the label during the class period; *Zeisel v. Diamond Foods, Inc.,* No. C 10-01192 JSW, 2011 U.S. Dist. LEXIS 60608 (N.D. Cal. June 7, 2011), (certifying class of consumers who bought Diamond shelled walnuts within a specified period); *Chavez v. Blue Sky Natural Bev. Co.,* 268 F.R.D. 365 (N.D. Cal. 2010) (certifying class of consumers who bought Blue Sky beverages between specific period).

As in the cases above, Plaintiff here has defined the proposed Class on objective criteria: the purchase of Defendant's Sue Bee Products by California residents within California in a prescribed time period. Thus, the ascertainability requirement is met.

### 3. The Proposed Class meets All Four Requirements of Rule 23(a).

#### a. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is "impracticable." Fed. R. Civ. P. 23(a)(1). Here, the proposed Class is sufficiently numerous. Defendant Sioux Honey sold and shipped thousands of misbranded products to California.[7] Thus, it is reasonable to estimate that the proposed Class consists of thousands of Class Members dispersed through the state of California making joinder of all Class Members impracticable under Rule 23(a)(1). Accordingly, numerosity is met.

#### b. Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury[.]'" *Wal–Mart Stores*, 131 S. Ct. at 2551. The commonality requirement has been construed permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

> All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

*Id.*; 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. § 1763 (2d ed. 1986) ("It is important to note that this provision does not require that all the

---

[7] *See, e.g.*, Richman Decl., Ex. D, Document SHA-001869 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Additionally, Plaintiff has obtained detailed sales data from Information Resources, Inc., showing tens of millions in sales of the Defendant's Products in California over the class period. Richman Decl., at ¶ 17.

questions of law and fact raised by the dispute be common."). Indeed, for the commonality requirement to be met, a ***single*** issue common to the proposed class is sufficient. *Wal–Mart Stores, Inc*., 131 S. Ct. at 2556 (citations omitted); *In re THQ, Inc. Sec. Litig*., No. CV 00-1783 AHM (Ex), 2002 U.S. Dist. LEXIS 7753, *11 (C.D. Cal. Mar. 22, 2002). Here, questions of law and fact common to the Members of the Class include:

> 1. Whether Defendant's practices and representations related to the marketing, labeling, and sales of the Sue Bee Products were false, misleading, deceptive, unfair, and/or unlawful in any respect, thereby violating California law; and

> 2. Whether Plaintiff and Class Members are entitled to injunctive relief.

These legal questions are common to the proposed Class and are sufficient to meet the commonality requirement

### c.   Typicality

Rule 23(a)(3) requires the representative party to have claims that are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The purpose of the "typicality" requirement of Rule 23(a)(3) is to ensure that the named representative's interests "align" with those of the class. *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Thus, typicality is satisfied as long as the named plaintiff's claims stem from the "same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory." *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1321 (9th Cir. 1982) (reversed on other grounds).

In this case, Plaintiff Tran's claims arise from the same material facts—the sale of Sue Bee Products based on misleading and inaccurate "Pure" or "100% Pure" representations—and are identical to those of the Class Members. Beginning in or around June 2013, Plaintiff began to purchase Sue Bee Products approximately once every month,

from Vons supermarket in Grover Beach, California.[8]  *See* Tran Decl. at ¶ 3; *see also*
Richman Decl., Ex. E at 26:4-11 (July 10, 2019 Deposition of Susan Tran ("Tran
Deposition")).  Common evidence shows that Plaintiff was exposed to the same misleading
"Pure" and "100% Pure" representations as the Class because Defendant made "Pure" and
"100% Pure" representations on all of the Products at issue. *See* Richman Decl., Ex. A, at
No. 1 (listing all products sold with labels that include "Pure" or "100% Pure"
representations); *see also id*. at No. 6 (stating that the word "Pure" has been used on
Defendant's labels "for many years"); *see also* Tran Decl. at ¶ 4. (stating that she purchased
the Sue Bee Products based on statements made on the product labels.).

Thus, the typicality requirement is satisfied because other Class "members have the
same or similar injury" and the "action is based on conduct which is not unique to the
named plaintiff[]. . ." *See Wolin v. Jaguar Land Rover N. Amer.*, *LLC*, 617 F.3d 1168,
1174-75 (9th Cir. 2010) (citation omitted).

### d.   Adequacy

Finally, Rule 23(a)(4) requires that the class representative "fairly and adequately
protect the interests of the class." The Ninth Circuit has established a two-prong test for
this requirement: "(1) Do the representative plaintiffs and their counsel have any conflicts
of interest with other class members, and (2) will the representative plaintiffs and their
counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.,* 327
F.3d 938, 957 (9th Cir. 2003) (citations omitted). As noted above, Plaintiff's and each Class
member's claims arise under the same legal theories. Thus, Plaintiff's interests align
perfectly with the interests of absent Class Members, and no conflict is anticipated. *Beck-
Ellman v. Kaz USA, Inc.,* 283 F.R.D. 558, 567 (S.D. Cal. 2012); *In re Ferrero Litig*., 278
F.R.D. 552, 559 (S.D. Cal. 2011).

---

[8] Plaintiff first purchased Sue Bee Products in 2012 while living in Washington.  Tran Decl.
at ¶ 3.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff intends to fairly and adequately represent and protect the interests of the Class. Tran Decl. at ¶ 10. Plaintiff's individual and class claims arise from Defendant's uniform misconduct of falsely labeling and advertising its Sue Bee Products. Tran Decl. at ¶¶ 3-7. Plaintiff seeks remedies equally applicable and beneficial to the Class. Plaintiff has no conflicts of interest with the proposed Class and has demonstrated her adequacy through her participation thus far in litigation. Plaintiff has regularly consulted with her counsel, searched for documents relevant to this action, responded to Defendant's discovery demands, reviewed documents filed on her behalf, and has testified at a deposition. Tran Decl. at ¶¶ 8-9, 11. Plaintiff is clearly an adequate representative.

Plaintiff is represented in this case by Richman Law Group and Levi & Korsinsky, LLP, prominent law firms with extensive experience in complex and class action litigation, including in food labeling cases, along with Barrack, Rodos & Bacine and Emerson Scott, LLP.  Rule 23(g) requires that a district court appoint class counsel for any class that is certified. *See* Fed. R. Civ. P. 23(g)(1)(A).  Plaintiff requests that Richman Law Group and Levi & Korsinsky, LLP be appointed as Class Counsel.  *See* Richman Decl., Exs. F, G (firm resumes). Neither firm has any conflicts of interest with the Class. Both firms intend to continue to vigorously prosecute this action.   These facts demonstrate that proposed Class counsel will fairly and adequately represent the interests of the Class. *See e.g.*, *Melgar v. Zicam*, No. 2:14-cv-00160-MCD-AC, 2014 U.S. Dist. LEXIS 153770 (E.D. Cal. Oct. 29, 2014); *Forcellati*, 2014 U.S. Dist. LEXIS 50600 at *33. As of the filing of this motion, Richman Law Group and Levi & Korsinsky, LLP have vigorously litigated this matter, including, but not limited to, drafting and filing the complaints, opposing Defendant's motion to dismiss, obtaining discovery, reviewing documents, and taking and defending of depositions. Accordingly, Richman Law Group and Levi & Korsinsky, LLP should be appointed as Class Counsel.

Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Members of the Class. Plaintiff and her counsel have met Rule 23(a)(4)'s adequacy requirement.

**B.    Certification of a Class for Injunctive Relief Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is Appropriate.**

Plaintiff seeks certification of a Class for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2). In addition to meeting the numerosity, commonality, typicality and adequacy requirements under Fed. R. Civ. P. 23(a), a party seeking class certification for injunctive relief must also satisfy Fed. R. Civ. P. 23(b)(2).

Under Rule 23(b)(2), a class action is properly certified where the party against whom relief is sought "has acted or refused to act on grounds that apply generally to the class, so that injunctive relief . . . is appropriate respecting the class as a whole." *See* Fed. R. Civ. P. 23(b)(2); *see also Rodriguez v. Hayes,* 591 F.3d. 1105, (9th Cir. 2010) ("'It is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern of practice that is generally applicable to the class as a whole' . . ." even if some class members have not been injured by the challenged practice); *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Further, "[a]lthough common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2)." *Id.* "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted--the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores*, 131 S. Ct. at 2557 (citation omitted).

Rule 23(b)(2) applies not when each class member would be entitled to *different* injunctions, but rather when a single injunction provides relief to every member of the class. *Id.* "[I]njunctive relief prohibiting defendants from engaging in their allegedly unlawful or deceptive labeling practices" is the type of action "that may be appropriate for

1  certification under Rule 23(b)(2)." *Brazil v. Dole Packaged Foods, LLC,* No. 12-CV-
2  01831-LHK, 2014 U.S. Dist. LEXIS 74234, *36 (N.D. Cal. May 30, 2014) (citation
3  omitted).

4      Plaintiff Tran, on behalf of herself and the proposed Class, complains of standard
5  and uniform illegal practices that are generally applicable to the class as a whole. Defendant
6  markets its Sue Bee Products as "Pure" or "100% Pure" even though the Sue Bee Products
7  continue to contain residue of the synthetic biocide glyphosate. Plaintiff Tran's request for
8  injunctive relief would uniformly prohibit Defendant's practice of unlawful and misleading
9  labeling of the Sue Bee Products as "Pure" and "100% Pure." The requested injunctive
10 relief is indivisible and benefits all Class Members, thus making Rule 23(b)(2) certification
11 appropriate. Plaintiff and Class Members need to know that they can trust the market as a
12 whole, and to know that the companies are truthfully marketing their products, before
13 purchasing more honey products labelled as "Pure" or "100% Pure." Defendant engages in
14 market research and targets specific consumers with its marketing, and knows what
15 consumers expect when they see terms like "Pure" and "100% Pure".[9]

16     Thus, Rule 23(b)(2) certification is appropriate. *See Brazil,* 2014 U.S. Dist. LEXIS
17 74234 at *70 (granting class certification under Rule 23(b)(2) and Rule 23(b)(3) for
18 products labeled as "all natural fruit"); *Lanovaz v. Twinings N. Am., Inc.,* No. C-12-02646-
19 RMW, 2014 U.S. Dist. LEXIS 57535, *14-17 (N.D. Cal. Apr. 24, 2014) (granting class
20 certification under Rule 23(b)(2) for teas labeled as "Natural Source of Antioxidants");

21

22 [9] *See* Richman Decl., Ex. H (Document SHA-001695) (showing that consumers care about
23 purity in honey.); Richman Decl., Ex. I (Plaintiff's Interrogatory Responses No. 5) (stating
   that Plaintiff "understood the statement "Pure" to mean that the honey did not include any
24 chemicals, impurities, or other ingredients, other than the necessary components of the
25 honey itself."); *id.* at No. 14 ("Plaintiff believes that if a product is advertised as being
   "Pure," then there should not be any chemicals or impurities in the product, except for the
26 necessary components of the product itself. Plaintiff is conscious of what she eats and
27 trusted that a label that said "Pure" on it would not contain a biocide like glyphosate.").

28

*Ries v. Ariz. Bevs. USA, L.L.C.,* 287 F.R.D. 523, 541 (N.D. Cal. 2012) (granting class certification under Rule 23(b)(2) against a defendant for its "All Natural" representation on AriZona Iced Teas and stating that "[t]his is the sort of action for which class treatment is warranted").[10]

Plaintiff Tran states she purchased the Sue Bee Products because she is concerned about her health, and only stopped when she found out that they contain residue of the biocide glyphosate. *See* Tran Decl. at ¶ 4; *see also* Richman Decl., Ex. E at 20:5-11 ("I used the product thinking that it was a higher quality product than the other honeys."); *id.* at 31:18-23 (stating that Plaintiff still purchased honey but stopped purchasing Defendant's Products "because they were labeling their product as pure and 100 percent when it wasn't . . ."); *id.* at 44:4-10 (noting that Plaintiff does the research about these kinds of contaminants and biocides "Because [Plaintiff] is interested in [her] health"). When, as here, a plaintiff cannot confidently rely on the representation at issue, that is sufficient seek injunctive relief. Injunctive relief is still appropriate even after a consumer learns that a representation is false, *see, e.g.*, *Davidson v. Kimberly Clark Corp.*, 889 F.3d 956, 969-970 (9th Cir. 2018) (rejecting the argument that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false), or when a plaintiff has stopped purchasing a product after discovering the misrepresentations; *see also Ries*, 287 F.R.D. at 533-534 (rejecting the idea that injunctive relief is inappropriate if the plaintiff stopped purchasing the products due to discovering the alleged misrepresentations). The court in *Ries* further stated that being aware of the contents of the Products does not preclude an injunction, because "[p]laintiffs request to be relieved from false advertising by defendants in the future, and the fact that they discovered the supposed

---

[10] In a subsequent opinion, *Ries v. Ariz. Bevs. USA LLC,* 2013 U.S. Dist. LEXIS 46013, *24-26 (N.D. Cal. Mar. 28, 2013), the court decertified the class because the plaintiffs failed to demonstrate adequacy of representation under Rule 23(a)(4) after the class was certified.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

deception some years ago does not render the advertising any more truthful." *Id.* at 533 ("This is the harm California's consumer protection statutes are designed to redress.").[11]

1. **Plaintiff Has Article III Standing to Seek Injunctive Relief on Behalf of the Class.**

   a. **Article III Standing Principles**

To establish a "case or controversy" under Article III of the Constitution, a party must have standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000). Specifically, the question of standing refers to whether a litigant is entitled to have the court determine the merits of a dispute. *Warth v. Seldin,* 422 U.S. 490, 498 (1975). A plaintiff has standing if he or she has a "personal stake in the outcome of the controversy." *Carlough v. Amchem Prods., Inc.,* 834 F. Supp. 1437, 1446 (E.D. Pa. 1993) (citation omitted). The Supreme Court has held that a plaintiff has the requisite "personal stake" if he or she can satisfy three requirements: (1) the plaintiff has suffered a concrete injury-in-fact ("injury-in-fact"); (2) the injury is fairly traceable to the challenged conduct ("traceability"); and (3) the injury is likely to be redressed by a favorable decision ("redressability"). *Id.*; *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).[12] California district courts "have found that a plaintiff can have standing to pursue

---

[11] *See also Allen v. ConAgra*, No. 3:13-cv-01279-WHO, 2018 U.S. Dist. LEXIS 208196 (N.D. Cal. Dec. 10, 2018).

[12] There are also "judicially created prudential limitations." *La Duke v. Nelson,* 762 F.2d 1318, 1323 (9th Cir. 1985). For example, where injunctive relief is sought, the litigants must show a "credible threat" of repeated injury. *Id.* In *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001), involving discrimination claims, the Ninth Circuit explained that the threat of repeated injury could be shown by a written policy resulting in injury. In *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) (en banc), in the context of violations under the American Disabilities Act (ADA), the Ninth Circuit found that deterrence from returning to an establishment due to barriers against access sufficed as a threat of repeated injury for standing purposes. Plaintiff Tran and Class Members do have a credible threat of repeated injury. *See, generally*, *discussion*, Section II. c., *Plaintiff Has Article III Standing to Seek Injunctive Relief on Behalf of the Class*.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

injunctive relief even if aware of a misleading representation." *Pinon v. Tristar Prods.*, No. 1:16-cv-00331-DAD-SAB, 2016 U.S. Dist. LEXIS 118611, *9-12 (E.D. Cal. Sept. 1, 2016) (citing *e.g., Duran v. Creek*, No. 3:15-cv-05497-LB, 2016 U.S. Dist. LEXIS 41650, *9 (N.D. Cal. Mar. 28, 2016) ("[T]he court is not persuaded that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false."))[13] This is because:

> [A] real threat of future injury may still exist after a plaintiff becomes aware of misrepresentations, because a plaintiff who has been so deceived might buy a product that matched the label representations or, on the other hand, may no longer be able to confidently rely on defendant's representations and may refrain from purchasing defendant's products in the future.

*Pinon*, 2016 U.S. Dist. LEXIS 118611 at *9-12 (citations omitted). Here, Plaintiff has suffered injury by purchasing Sue Bee Products falsely advertised as "Pure" and "100% Pure"[14] This injury is directly traceable to Defendant's misconduct in falsely advertising and marketing the Products as "Pure" and "100% Pure" when they actually contain the synthetic biocide glyphosate.

---

[13] *See also, Dean v. Colgate-Palmolive Co.*, No. EDCV 15-0107 JGB (DTBx), 2015 U.S. Dist. LEXIS 80150, *21-23 (C.D. Cal. June 17, 2015) ; *Lanovaz v. Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639, *28-32 (N.D. Cal. Jan. 6, 2014); *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 U.S. Dist. LEXIS 176971, *15-18 (N.D. Cal. Dec. 13, 2012); *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 U.S. Dist. LEXIS 162402, *9-12 (N.D. Cal. June 14, 2012); *Ries*, 287 F.R.D. at 533-534 (N.D. Cal. 2012)).

[14] *See* Tran Decl. at ¶ 4 (stating that she believed the "Pure" and "100% Pure" representations on Sue Bee Products meant that the products only contained honey, and nothing else, such as chemicals or impurities); *see also* Richman Decl. Ex., E at 20:5-7 (testifying that she purchased the Products "thinking that it was a higher quality product than the other honeys").

This injury is clearly redressable via a favorable decision in this case by, among other things, enjoining Defendant Sioux Honey from continuing to advertise and market Products with the synthetic biocide glyphosate as "Pure" or "100% Pure". Plaintiff and Members of the Class lack the scientific knowledge and means necessary to determine whether Defendant's Products are in fact "Pure" or "100% Pure", or to know or ascertain the true contents and quality of the products. Plaintiff and Members of the Class must, and do, rely on Defendant to report honestly what Defendant's Products contain. *See, e.g.,* Richman Decl., Ex. I (Plaintiff's Interrogatory Response No. 14) ("Plaintiff believes that if a product is advertised as being "Pure," then there should not be any chemicals or impurities in the product, except for the necessary components of the product itself. Plaintiff is conscious of what she eats and trusted that a label that said "Pure" on it would not contain a biocide like glyphosate.").

Finally, without an injunction, Plaintiff Tran and Class Members face a credible threat of further injury if they cannot trust Defendant's representations, nor the representations in the honey marketplace. *See, e.g., Ries,* 287 F.R.D. at 533 ("Plaintiffs' request to be relieved from false advertising by defendants in the future, and the fact that they discovered the supposed deception some years ago does not render the advertising anymore truthful. Should plaintiffs encounter the denomination 'All Natural' on an AriZona beverage at the grocery store today, they could not rely on that representation with any confidence.").

   **b. Plaintiff Faces the Threat of Repeated Injury Because She May Purchase Honey in the Future and Will Never Be Able to Rely on the Marketing Statements.**

In consumer false advertising cases, courts have also generally found that a plaintiff has standing to pursue an order enjoining false advertising when the plaintiff intends to purchase the product in the future if properly labeled. *See, e.g., Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM(DHB), 2013 U.S. Dist. LEXIS 68072, *12-13 (S.D.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Cal. May 13, 2013) (stating that standing for injunctive relief may be proper in "cases where a consumer would still be interested in purchasing the product if it were labeled properly – for example, if a food item accurately stated its ingredients"); *Ries,* 287 F.R.D. at 533 (holding that plaintiffs have standing because they had "stated intent to purchase" the challenged products in the future).

Here, Plaintiff Tran may purchase the Products in the future if Defendant Sioux Honey was enjoined from improperly labeling them and instead labeled them in a manner that is not false and misleading. *See* Richman Decl., Ex. E at 31:13-23 (stating that Plaintiff still purchased honey but stopped purchasing Defendant's Products "because they were labeling their product as pure and 100 percent when it wasn't . . ."). Additionally, as discussed above, Plaintiff Tran and the Class Members will continue to be injured by the misleading labels because they will never be able to rely on the accuracy of product representations when making purchasing decisions in the future. *Ries*, 287 F.R.D. at 533.

Moreover, the Ninth Circuit has found that a plaintiff has standing because the plaintiff class as a ***whole*** faced a credible threat of recurring injury. *See, e.g., La Duke v. Nelson*, 762 F.2d 1318, 1321-1326 (9th Cir. 1985) ("The standing inquiry on the merits of plaintiffs' case is directed to whether the class has standing -- the necessary personal interest -- to raise their constitutional claims for relief.").[15] The same is true here; the proposed class as a whole faces a credible threat of recurring injury, as Defendant has

---

[15] Similarly, in *Armstrong v. Davis*, the Ninth Circuit considered the interests of the class in holding that a "defendant's treatment of the class as a whole must be considered to determine whether the individual plaintiff 'has been and will continue to be aggrieved by the defendants' [illegal] pattern of conduct.'"   275 F.3d at 864 (quoting *La Duke,* 762 F.2d at 1326).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

knowledge that the Products contain glyphosate while marketing the Products as "Pure"
and "100% Pure,"[16] ███████████████████████████████████████████████.[17]

### C.   The Class Can Be Certified Under Rule 23(c)(4).

Plaintiff also requests that the Court certify a relevant issue class under Rule
23(c)(4). This rule provides: "When appropriate, an action may be brought or maintained
as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Rule 23(c)(4)
can be used to certify issue classes to resolve predominating disputed issues common to all
class members.[18]

Where certification of a particular issue under Rule 23(c)(4) is sought, there is no
need to engage in the predominance inquiry as to the action as a whole. Instead, the court
must simply be satisfied that common issues predominate as to each issue that Plaintiff
seeks to certify. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir.
1996) ("Even if the common questions do not predominate over the individual questions

---

[16] *See, e.g.,* Richman Decl., Ex. B (SHA-001447) (confirming Defendant is aware that
honey may contain seven pesticides based on FDA study, including glyphosate); *Id.* Ex. C
(SHA-000474)(confirming Defendant is aware that glyphosate has been found in honey
products in general); *see also id.* Ex. J (SHA-002344) (admitting to spending tens of
thousands of dollars on testing products); *id.* Ex. K (SHA-002320) (questioning from
consumer regarding the meaning of the term 100% Pure versus just Pure); *id.* Ex. H (SHA-
001695) (showing that households care about the use of the term pure in honey, and that
health is a key factor in buying honey.)

[17] *See, e.g.,* Richman Decl., Ex. L (SHA-001618-19) ████████████████████
██████████████.

[18] *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 544 (N.D. Cal. 2012) ("[E]ven if
individualized issues were to predominate with respect to Plaintiffs' monetary relief
claims, the Court would utilize the mechanism under Rule 23(c)(4) to adjudicate those
issues capable of classwide resolution separately."); *see also* 7AA Charles Alan Wright &
Arthur R. Miller, Federal Practice & Procedure § 1790 (3d ed. 2005) (stating that
subsection (c)(4) "may be used to designate appropriate classes or class issues at the
certification stage" so that "the court can determine whether, as so designated, the other
Rule 23 requirements are satisfied").

so that class certification of the entire action is warranted, Rule 23 authorizes the district court in appropriate cases to isolate the common issues under Rule 23(c)(4)[] and proceed with class treatment of these particular issues.") (citation omitted); *In re Nassau County Strip Search Cases*, 461 F.3d 219, 226-27 (2d Cir. 2006) (holding that predominance only needs to be satisfied as to the individual issues the court certifies for class treatment).

Plaintiff's claims made under the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA"), the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL"), and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") are governed by the "reasonable consumer" test. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citations omitted).  The question of whether Sioux Honey has misled or deceived reasonable consumers by labeling its honey products as "Pure" or "100% Pure" when, in fact, the products contain glyphosate, is a question involving a single manufacturer and consistent representations, placed prominently on the front of all Sue Bee Honey products sold throughout the Class Period. This simple question of whether Sioux Honey misled or deceived reasonable consumers by labeling its honey products as "Pure" or "100% Pure" when the products contain glyphosate fits squarely within the bounds of warranting Rule 23(c)(4) certification.

The answer to this question will drive the resolution of this lawsuit because it will allow the parties to determine Sioux Honey's liability before turning to the issue of remedies. If Sioux Honey demonstrates the "Pure" and "100% Pure" statements are not unlawful, deceptive, or misleading, it will prevail on the UCL, FAL and CLRA claims. However, if Plaintiff establishes that the "Pure" and "100% Pure" statements are either unlawful, deceptive, or misleading, Plaintiff will have proven liability and the case can then proceed to a remedies phase. As the underlying liability issues are amenable to common proof (i.e., whether glyphosate is in the Sue Bee Honey Products and whether labeling the products as "Pure" or "100% Pure" is unlawful, deceptive, or misleading), they can be adjudicated before any issue relating to remedies. A liability only class certification

procedure avoids the distraction of ancillary issues such as whether or how a plaintiff's class can prove damages on a class wide basis. *Accord In re Motor Fuel Temperature Sales Practices Litig.*, 292 F.R.D. 652, 667 (D. Kan. 2013) ("If the Court certifies Rule 23(c)(4) classes as to Chevron's liability and Chevron prevails, the class actions will end. If plaintiffs prevail, the Court can determine whether injunctive relief is appropriate. By quantum leaps, this approach will advance the resolution of plaintiffs' core claims on a class-wide basis. The 'liability' aspects of plaintiffs' claims are therefore appropriate for issue certification under Rule 23(c)(4).").

The *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231 (N.D. Cal. 2014) case is instructive. There, plaintiffs alleged that at-home smoothie kits advertised as "All Natural" were falsely advertised because they contained a host of allegedly unnatural ingredients. *See id.* at 235. Similar to Plaintiff Tran, the plaintiffs in *Lilly* brought claims under the CLRA, FAL, and UCL.[19] *Id.* The court certified a liability class under Rule 23(c)(4) and stated that "[s]ome of the difficulties in determining individual damages may fall away after liability is determined, depending upon which claims (if any) are successful, and which type or relief the class is entitled to." *Id.* at 244.

If Plaintiff is successful in certifying the Class for purposes of liability, the remedy will flow from that result. A determination that the label is illegal or deceptive, for example, is likely to result in a label change. The parties and the Court can address the best method of achieving other appropriate remedies, if necessary, after Plaintiff's claims are adjudicated as to liability on a class wide basis.

## III.  **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this motion.

---

[19] Plaintiffs in *Lilly* also brought a cause of action for breach of warranty pursuant to Cal. Comm. Code § 2313.  *Id.*

Case No. 8:17-cv-00110-JLS-SS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

DATED: August 16, 2019

Respectfully submitted,

*/s/Kim E. Richman*

Kim E. Richman (admitted *Pro Hac Vice*)
Jaimie Mak, Of Counsel (236505)
**RICHMAN LAW GROUP**
535 Mission Street
San Francisco, CA 94105
Telephone: (212) 687-8291
Facsimile: (212) 687-8292
krichman@richmanlawgroup.com
jmak@richmanlawgroup.com

Rosemary M. Rivas (SBN 209147)
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
rrivas@zlk.com

Courtney E. Maccarone (admitted *Pro Hac Vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
cmaccarone@zlk.com

Stephen R. Basser (121590)
Samuel M. Ward (216562)
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com

John G. Emerson (admitted *Pro Hac Vice*)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

**EMERSON SCOTT, LLP**
830 Apollo Lane
Houston, TX 77058
Telephone: (281) 488-8854
Facsimile: (281) 488-8867
jemerson@emersonfirm.com

*Attorneys for Plaintiff Susan Tran*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**