UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:17-cv-00110-JLS-SS                                            Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                               N/A
    Deputy Clerk                                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                 Not Present

**PROCEEDINGS:**   (IN CHAMBERS)  ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (Doc. 97)

     Before the Court is Plaintiff Susan Tran's Motion for Class Certification.  (Mot., Doc. 97.)  Defendant Sioux Honey Association, Cooperative ("Sioux") opposed and Tran replied.  (Opp, Doc. 116; Reply, Doc. 127.)  Having held a hearing, taken the matter under submission, and considered the parties' briefs, the Court GRANTS IN PART and DENIES IN PART Tran's Motion for Class Certification.

**I.    BACKGROUND**

  **A. Factual Allegations and Initiation of Suit**

     The instant action is a consumer protection case based on Sioux Honey's alleged misrepresentations and omissions regarding its honey products.  Sioux Honey manufactures, markets, and distributes honey in retail stores in California and throughout the United States.  (FAC ¶ 20, Doc. 34.)  Sioux Honey makes, markets, sells, and distributes honey under various trademarks, including Sue Bee and Aunt Sue's.  (*Id.*)  The FAC lists the products at issue in this case as Sue Bee Clover Honey, Aunt Sue's Farmers Market Clover Honey, and Aunt Sue's Raw Honey (collectively, the "Sue Bee Products").  (*Id.* ¶ 7.)  In the Motion at Bar, Tran notes that "[t]he Sue Bee Products at issue include: Sue Bee Clover Honey, Sue Bee Orange Honey, Sue Bee Sage Honey, Sue Bee LT. Amber Honey, Sue Bee Bulk Honey, Sue Bee Spun Clover Honey, Aunt Sue's

---

**CIVIL MINUTES – GENERAL**                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-00110-JLS-SS | Date:  February 24, 2020 |
| Title: Susan Tran v. Sioux Honey Association, Cooperative | |

Raw unfiltered Clover Honey, Aunt Sue's Raw unfiltered Wildflower Honey, Aunt Sue's Organic Honey, Blossomology Organic Honey, North American Honey, and Bradshaw Honey."  (Mot. at 1 n.1.)  Around June 2013, Tran began purchasing Sue Bee Products approximately once every month from a Von's store in Grover Beach, California.  (FAC. ¶ 21.)  Tran made these purchases after seeing and relying upon the product labels representing the Sue Bee Products to be "Pure" or "100% Pure" honey.  (*Id.* ¶ 22.)  Tran alleges, however, that Sioux Honey's Sue Bee Products are not "Pure" or "100% Pure" because they allegedly contain glyphosate, a synthetic chemical and herbicide.  (*Id.* ¶¶ 4, 37, 40.)  Glyphosate is allegedly a potent biocide, human endocrine disruptor, and potential carcinogen.  (*Id.* ¶¶ 5, 44–45, 49–50.)

Based on Sioux Honey's alleged misrepresentations and omissions, Tran filed this class action on January 23, 2017.  (Compl., Doc. 1.)  Tran then filed her First Amended Complaint on April 6, 2017.  (FAC.)  In her FAC, Tran asserts the following claims against Sioux Honey: (1) violation of California's Consumers Legal Remedies Act ("CLRA"); (2) violation of California's False Advertising Law ("FAL"); and (3) violation of California's Unfair Competition Law ("UCL").  (*Id.* ¶¶ 108–47.)

## B. Motion for Class Certification

Tran filed the instant Motion for Class Certification on August 16, 2019, requesting that the Court certify (1) an "injunctive relief class" under Federal Rule of Civil Procedure 23(b)(2) and (2) an "issue class" under Rule 23(c)(4). Tran states that under Rule 23(b)(2) "[t]he injunctive relief [she] seeks is the removal of the term 'Pure' from all Sue Bee Product labels, including those labels that still contain the '100% Pure' representation.[1]  (Mot. at 2.)  Tran also contends that certification of the Rule 23(c)(4) class is appropriate on the question of "whether Sioux Honey has misled or deceived reasonable consumers by labeling its honey products as 'Pure' or '100% Pure' when, in

---

[1] Tran also notes in her Motion that "[i]n its interrogatory responses, Defendant stated that in late 2017 or early 2018, Defendant removed the wording '100% Pure' 'on labels of some SHA honey products' and changed the representation to 'Pure.' See Richman Decl., Ex. A at No. 6. However, Defendant has not indicated which, if any, Sue Bee Products still contain the '100% Pure' representation."  (Mot. at 2 n.4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                          Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

fact, the products contain glyphosate." (Mot. at 17.)  Each of the two classes that Tran seeks to certify is defined as:

> All persons residing in California, who, from January 2014 to the Present, purchased, for personal use and not resale, Sue Bee Products (hereafter, the "Class").

(*Id.* at 2.)
Tran additionally requests the Court appoint her as Class Representative, and appoint Richman Law Group and Levi and Korsinsky LLP as Class Counsel.  (Mot. at 7-8.)

## II.   LEGAL STANDARD

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)."  *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013).  Rule 23(a) "requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation."  *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)).  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative
> parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the
>       claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the
>       interests of the class.

Fed. R. Civ. P. 23(a).
"Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)."  *Dukes*, 546 U.S. at 345.  Here, Tran seeks class certification under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                         Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

Rule 23(b)(2), which permits maintenance of a class action if:

> the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(2).

Further, Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues.".

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  *Dukes*, 564 U.S. at 350.  This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim."  *Id.* at 351.

### III.   DISCUSSION

The Court addresses the relevant requirements of Rules 23(a), (b)(2), and (c)(4) in turn.

#### A.   Rule 23(a) Requirements[2]

##### 1.   Numerosity

---

[2] Sioux submitted a cursory, two-sentence argument that the class is unascertainable because the range of allegedly mislabeled products (1) had "different statements, floral sources, sizes, and types of containers," (2) had labels that changed over time, and (3) were available at different times. (Opp. at 22-23.)  But the Ninth Circuit has explicitly held that the "language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification."  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017).  And even if there were such a prerequisite, the membership of the proposed class is identifiable through use of objective criteria.  *See Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 528 (N.D. Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-00110-JLS-SS | Date:  February 24, 2020 |
| Title: Susan Tran v. Sioux Honey Association, Cooperative | |

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In general, "classes of forty or more are considered sufficiently numerous." *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 587 (C.D. Cal. 2011) (citations and internal quotation marks omitted). "Plaintiffs need not state the exact number of potential class members, nor is there a bright-line minimum threshold requirement." *Tawfilis v. Allergan, Inc.*, 2017 WL 3084275, at *8 (C.D. Cal. June 26, 2017).

Here, Tran contends that Sioux sold thousands of the allegedly misleadingly labeled products during the class period and provides evidence of extensive honey sales by Sioux. (Document SHA-001869, Doc. 97-6; Richman Decl. ¶ 17, Doc. 97-2.) The total number of putative class members clearly numbers in the thousands, if not higher. Further, Defendant does not contest that the proposed class meets the numerosity requirement.

Accordingly, the numerosity requirement is met.

### 2.     Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 564 U.S. at 349-50 (citation and internal quotation marks omitted). The plaintiff must allege that the class's injuries "depend upon a common contention" that is "capable of classwide resolution." *Id.* at 350. In other words, the "determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation and internal quotation marks omitted) (emphasis in original). Rule 23(a)(2) is met so long as there is "a single *significant* question of law or fact" common to the class. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Mazza v. Am. Honda Motor Co., Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-00110-JLS-SS | Date:  February 24, 2020 |
| Title: Susan Tran v. Sioux Honey Association, Cooperative | |

666 F.3d 581, 589 (9th Cir. 2012)) (internal quotation marks omitted); *accord Dukes*, 564 U.S. at 359.

Tran suggests that the following common questions are capable of resolution on a class-wide basis: (1) "[w]hether Defendant's practices and representations related to the marketing, labeling, and sales of the Sue Bee Products were false, misleading, deceptive, unfair, and/or unlawful in any respect, thereby violating California law;" and (2) "whether Plaintiff and Class Members are entitled to injunctive relief." (Mot. at 6.)

Sioux contests commonality on the grounds that: (1) there is no evidence that a substantial number of consumers were misled; (2) there is no proof of economic harm to consumers; and, (3) reliance varies from consumer to consumer. (Opp. at 19.)  But the crux of Sioux's argument is that a finding of commonality is precluded by putative Class Members' varying understandings of the "Pure" and "100% Pure" terms at issue, and the different motivations that they would have to purchase Sioux products, *i.e.*, that Tran has shown neither that the alleged misrepresentations were material to members across the Class, nor that those class members actually relied on the misrepresentations.  (*See Id*. at 20-22.)  In making its commonality argument, Sioux relies principally on *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRD, 2014 WL 2702726 (N.D. Cal. June 13, 2014), and *In re Hain Celestial Seasonings Prod. Consumer Litig.*, No. SACV 13-1757-AG (ANx), 2015 WL 12001273 (C.D. Cal. Sept. 23, 2015).  That reliance is misplaced. In both *Jones* and *Hain*, the courts found Rule 23(a)'s commonality requirement met, before holding that that the far more demanding Rule 23(b)(3) requirements of predominance and superiority were absent.[3]   *Jones*, 2014 WL 2702726, at *5-*6, *14-*24; *In Re Hain*, 2015 WL 12001273, at *4, *7-*10.  Sioux's analysis improperly

---

[3] Rule 23(b)(3) requires that "the court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" based on factors including: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00110-JLS-SS　　　　　　　　　　　　Date: February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

imports those more rigorous Rule 23(b)(3) standards into Rule 23(a)(2).[4] *Cf. In re Tropicana Orange Juice Mktg. & Sales Practices Litig.*, No. CV 2:11-07382, 2019 WL 2521958, at *6-*13 (D.N.J. June 18, 2019) (addressing both the issues of materiality and reliance within an analysis of Rule 23(b)(3) predominance); *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML13-2438 PSG (PLAx), 2017 WL 2559615, at *6-*9 (C.D. Cal. June 7, 2017) (same); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 570 (C.D. Cal. 2014) (specifically noting that the defendant's arguments regarding "the need for individualized proof of reliance or causation … are better addressed" in the Rule 23(b)(3) context).

　　　Moreover, courts applying the correct Rule 23(a)(2) standard "routinely find commonality in false advertising cases that are materially indistinguishable from this matter." *Astiana v. Kashi Co.*, 291 F.R.D. 493, 501-02 (S.D. Cal. 2013) (collecting similar cases). Tran has identified multiple factual and legal issues common to the putative class's claims, "including whether the use of the term[s] ['pure' or '100% pure] to advertise food products that contain the [glyphosate] violates the UCL, FAL, CLRA[.]" *Id*. at 501. "By definition, all class members were exposed to such representations and purchased [Sioux] products, creating a 'common core of salient facts.'" *Id*. (citing *Ries v. Arizona Beverages USA, LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012)). Sioux points to evidence that purported class members may have purchased honey due in part to other motivators, such as family tradition, and that labeling that highlights purity is not always consumers' principle motivator. (Opp. at 21.) But, as Tran points out "variation among class members in their motivation for purchasing the product [and] the factual circumstances behind their purchase … does not defeat the relatively 'minimal' showing required to establish commonality." *Ries,* 287 F.R.D. at 538 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). And with respect to the claims brought, "reliance upon the truth of the fraudulent misrepresentation

---

[4] Such an importation would be inappropriate regardless of the context, but it is especially so here, where Tran seeks certification under Rule 23(b)(2), *and not* under Rule 23(b)(3). *See In Re Hain,* 2015 WL 12001273, at *6-*10 (declining to certify a class under Rule 23(b)(3) due to a lack of predominance and superiority, before proceeding to certify a Rule 23(b)(2) injunctive relief class).

**CIVIL MINUTES – GENERAL**　　　　　　　　　　　　　　　　　7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                          Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

[need not] be the sole or even the predominant or decisive factor influencing" a class member's purchasing decision.  *See In re Tobacco II Cases*, 46 Cal.4th 298, 326 (2009).  Rather, under the FAL, CLRA, and UCL, a Plaintiff need show only that a misrepresentation "played a substantial part, and so had been a substantial factor, in influencing his [or her] decision."  *Vigil v. Mars, Inc.*, No. 16-CV-03818-VC, 2017 WL 6883926, at *1 (N.D. Cal. Sept. 27, 2017) (citing *In re Tobacco II Cases*, 46 Cal. 4th at 326).

Accordingly, the Court concludes that Tran's proffered common questions satisfy Rule 23(a)(2).  "Resolution of those questions in Defendants' favor will terminate this litigation in their favor, while resolution against Defendants will likely establish their liability[.]"  *Urakhchin v. Allianz Asset Management of America, L.P.*, 2017 WL 2655678, at *4 (C.D. Cal. June 15, 2017).  Thus, the commonality requirement is met.

### 3.      Typicality

Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The typicality requirement looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (citation and internal quotation marks omitted).  "In determining whether typicality is met, the focus should be 'on the defendants' conduct and the plaintiffs' legal theory,' not the injury caused to the plaintiff."  *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005).  Under the rule's permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon*, 153 F.3d at 1020.

Tran asserts that her claims are typical of those of the absent class members because they "arise from the same material facts—the sale of Sue Bee Products based on misleading and inaccurate 'Pure' or '100% Pure' representations—and are identical to those of the Class Members."  (Mot. at 6-7.)  Sioux contends that typicality is lacking

**CIVIL MINUTES – GENERAL**                                             8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                      Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

because (1) Tran lacks "individual standing to raise the legal claims of the class," and (2) the deception that she alleges is atypical because it depends on "her preposterous, unrealistic definition of purity."  (Opp. at 15-22.)

### a.  Tran Has Individual Standing

According to Sioux, Tran lacks standing[5] because she is unable to demonstrate (1) economic injury; (2) that the allegedly misleading labeling caused any such economic injury; or (3) that the labeling was deceptive in the first instance.  (*Id*. at 15-18.)  Each of these arguments fails to undermine Tran's standing.

As the court already explained in its Order Denying Sioux's Motion to Dismiss, plaintiffs bringing UCL, FAL, or CLRA claims meet the economic injury requirement "if they show that, by relying on a misrepresentation on a product label, they 'paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so.'"  (Doc. 62 at 3 (citing *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015)).)  Contrary to Sioux's argument, Tran has met this requirement.  Between the FAC, her declaration, her responses to Sioux's interrogatories, and her deposition testimony, Tran has repeatedly stated that, due in part to reliance on Sioux's purity-based labeling, she purchased Sioux honey products at higher prices than she otherwise would have been willing to pay.[6]  (FAC ¶¶ 4, 9, 11, 13, 15, 68-70, 75, 80; Tran

---

[5] Sioux also argues that because Tran purchased only those Sioux products that were labeled "pure" and not "100% pure," she is unable to represent class members who purchased "100% pure" products.  (Opp. at 18 n.20.)  This is incorrect, as the Court finds claims arising from the purchase of products labeled "Pure" to be reasonably co-extensive with those arising from the purchase of products labeled "100% Pure," even if not identical.

[6] Sioux relies on *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013) and *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) in arguing that Tran has not done enough to establish standing.  (Opp. at 16-17.)  However, in *Hinojos*, which pre-dates *Reid*, the Ninth Circuit explained that in this context, all a plaintiff need allege to establish standing is "that (1) the defendant made a false representation about a product, (2) the consumer purchased the product in reliance on the misrepresentation, and (3) he would not have purchased the product otherwise."  *Hinojos*, 718 F.3d at 1109.  As explained above, Tran's allegations and statements thus far in the case satisfy these requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-00110-JLS-SS | Date:  February 24, 2020 |
| Title: Susan Tran v. Sioux Honey Association, Cooperative | |

Depo at 20:5-11, Richman Decl. Ex. E, Doc. 97-7; Tran Decl. ¶ 4, Doc. 129; Plaintiff's Interrogatory Response No. 1, Richman Decl. Ex. I at 1-2, Doc. 97-11).  Further, Tran's statement that she ceased purchasing those honey products upon discovery of the true nature of the allegedly misleading labeling indicates that she would not have purchased the products at all absent that labeling.  (Tran Depo at 31:18-23.)

Sioux's argument that to have standing, Tran must first prove that the labeling at issue was deceptive by showing that the Sioux honey products actually contained glyphosate is incorrect.  (*See* Opp. at 17-18.)  First, such an inquiry is one bearing squarely on the merits of this case, and "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."  *In re High-Tech Employee Antitrust Litigation*, 985 F Supp. 2d. 1167, 1179 (N.D. Cal. Oct. 24, 2013) (citing *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S.Ct. 1184, 1194-95 (2013)).  Second, the only case Sioux cites to support that assertion is *Doss v. Gen. Mills, Inc.*, No. 18-61924-Civ-Scola, 2019 U.S. Dist. LEXIS 100791 (S.D. Fla. June 14, 2019).  That case, which did not involve allegations of false or misleading advertising and was resolved on a motion to dismiss, is inapplicable here.[7]  *See id*. at *4-*5.

The Court concludes, again, that Tran has satisfied the economic injury requirement.

### b.  Typicality of Deception

Sioux offers a brief argument that class certification must be withheld because Tran has not shown that her understanding of the "Pure" and "100% Pure" labeling predominates across the Class.  (Opp. at 18-19.)  Sioux again attempts to smuggle the

---

[7] Whereas as here, Tran contends that she was fooled by affirmatively false labeling specifically describing a degree of purity, Doss simply argued that the possible presence of glyphosate in General Mills products rendered any purchase of those products made under false pretenses. *Doss*, 2019 U.S. Dist. LEXIS 100791, at *5-*6.  The *Doss* court concluded that there was no economic injury because "even if the cereal she herself bought contained a significant amount of glyphosate, which she [did] not allege, or even any glyphosate, which she also [did] not allege, there [was] no allegation that she did not receive, at a minimum, the product General Mills said it was offering[.]" *Id*. at *6-*7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-00110-JLS-SS | Date: February 24, 2020 |
| Title: Susan Tran v. Sioux Honey Association, Cooperative | |

more strenuous requirements of Rule 23(b)(3) into the Rule 23(a) context. For example, Sioux's reliance on *In re 5-Hour Energy* is misplaced, as the Court there found that an insufficient showing of materiality across the class regarding alleged misrepresentations of the length of the product's energy boost precluded a finding of predominance under Rule 23(b)(3). The only *relevant* case-law cited by Sioux is *Korte v. Pinnacle Food Groups LLC,* No. 17-CV-199-SMY-MAB, 2019 WL 4305464 (S.D. Ill. Sept. 11, 2019). In that case, the court found that typicality was not satisfied by relying on Seventh Circuit precedent that class certification cannot be granted where the named Plaintiff "appear[s] to be the only person in a million-plus class that believed [the] defendant deceived consumers" through their labeling practices. *See Korte*, 2019 WL 4305464, at *5. But that does not appear to be the case here; Sioux's own market research demonstrates that a sizable portion of the population views purity as a key motivating factor in honey-purchasing decisions. (*See* IRi Study at 41, 63, Richman Decl. Ex. L, Doc 97-14.) Further, the Court finds that Tran has indeed met the typicality requirement under governing Ninth Circuit law.

      Under Rule 23(a)(3)'s "permissive standard," Tran's claims need not be identical to those of every class member; rather they must merely be "reasonably co-extensive with those of the absent class members." *Hanlon*, 150 F.3d at 1020. And here, Tran's claims are typical of the proposed class because they focus on Sioux's acts in labeling its products, which is conduct that applies equally across the Class and not specifically to Tran. *See Astiana*, 291 F.R.D. at 502-03 (finding typicality where the subject of the litigation was "misrepresentations common to the identified [defendants'] products and thus common to members of the putative class"); *Ries*, 287 F.R.D. at 539-40 (finding typicality on similar facts and noting that an argument, like Sioux's, that Class Members likely have varying purchasing motivators did not alter the reality that the named Plaintiff's claims were still "reasonably co-extensive" with those of absent class members). Nothing in the record indicates that Tran was harmed by Sioux in any way other than by alleged labeling misconduct that affected all presumptive class members with equal force. Therefore, she "alleges to have suffered the same type of economic injury and seeks the same type of" redress as other members of the Class. *Astiana*, 291 F.R.D. at 502.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00110-JLS-SS                          Date: February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

Finally, the Court rejects Sioux's contention that the deception suffered by Tran is atypical because "she offers no evidence that any other purchasers of the Products share her preposterous, unrealistic definition of purity." (Opp. at 18.) That is because "individual experience with the product is irrelevant where, as here, the injury under the UCL, FAL, and CLRA is established by an objective test [which] states that injury is shown where the consumer has purchased a product that is marketed with a material misrepresentation … 'such that members of the public are likely to be deceived.'" *Bruno v. Quten Research Inst.*, LLC, 280 F.R.D. 524, 534 (C.D. Cal. 2011) (quoting *In re Tobacco II Cases*, 46 Cal.4th at 312).

Accordingly, the Court finds that Tran's claims are reasonably co-extensive with those of absent Class Member that the typicality requirement is satisfied.

### 4. Adequacy

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

#### a. Class Representatives

The Court first considers whether Tran has any conflicts with the proposed class. As noted above, Tran's claims are co-extensive with the claims of proposed class members. Because "[Tran's] interests are completely aligned with the class regarding the central issue" in the case, Tran satisfies the adequacy requirement. *Barnes v. AT&T Pension Benefit Plan*, 270 F.R.D. 488, 495 (N.D. Cal. 2010). The central issue in this case is whether Sioux has labeled its honey in a manner contrary to the UCL, FAL, and CLRA. On this fundamental issue, Tran's interest in prevailing on the merits aligns completely with that of the absent Class Members.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-00110-JLS-SS | Date: February 24, 2020 |
| Title: Susan Tran v. Sioux Honey Association, Cooperative | |

Tran represents that she "intends to fairly and adequately represent and protect the interests of the Class," and has no conflicts with the proposed class. (Mot. at 8; Tran Decl. ¶10.) Tran also attests that she has been actively engaged in the litigation, consulting with counsel, searching for relevant documents, participating in discovery, testifying via deposition, and reviewing documents filed on her behalf. (Tran Decl. ¶¶ 8-9, 11.) Sioux does not contest Tran's adequacy to serve as class representative.

The Court therefore concludes that Tran "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

### b. Class Counsel

As to the adequacy of Tran's counsel, the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Tran submits declarations setting forth the qualifications of her proposed class counsel, Richman Law Group and Levi & Korsinsky, LLP. (Richman Decl. Exs. F-G, Docs. 97-8, 97-9.) Each has extensive experience litigating class actions. (*See Id.*) Additionally, the record reflects ample work undertaken and resources devoted by Tran's counsel to investigate and prosecute Tran's claims in this action. However, as this Court has previously stated, "[l]itigation is ultimately done by individual attorneys, not law firms." Urakchin, 2017 WL 2655678, at *7. "The Court cannot analyze the qualifications of as-yet unidentified attorneys at a law firm, and for that reason, appoints lawyers, not law firms as class counsel." *Id*. For that reason, the Court will appoint as Class Counsel Kim E. Richman, who is name partner of the Richman Law Group and

___

appeared in front of this Court on behalf of Tran to argue the instant Motion.  (*See* Minutes of Class Certification Hearing, Doc. 139.)[8]

### B. Rule 23(b)(2) Requirements

In addition to establishing the elements of Rule 23(a), Tran must also satisfy one of the three subsections of Rule 23(b).  Fed. R. Civ. P. 23(b).  Tran contends that the proposed class is certifiable under Rule 23(b)(2).  (Mem. at 9-12.)

Rule 23(b)(2) permits class treatment where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  "The key to the [Rule 23(b)(2)] class is 'the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."  *Dukes*, 564 U.S. at 361.  "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."  *Id.*

Here, Tran seeks an "order declaring Defendant's conduct to be in violation of [the UCL, FAL, and CLRA,] and enjoining Defendant from pursuing the unlawful acts and practices alleged [in the FAC]."  (Prayer for Relief, FAC at 26-28, Doc. 34.)  The Court finds that Tran's request for an order declaring Sioux's conduct to be in violation of the UCL, FAL, and CLRA is, in fact, relief of an "indivisible nature."  *Dukes*, 564 U.S. at 361.  That is, Tran seeks relief that would declare unlawful and enjoin "conduct [which] is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them" because each class member encountered the same allegedly misleading labeling.  *Dukes*, 564 U.S. at 360; *see also Schneider v. Chipotle Mexican Grill, Inc.,* 328 F.R.D. 520, 539 (N.D. Cal. Sept. 29, 2018) (finding Rule 23(b)(2) certification appropriate where a similar injunction was sought in a misleading labeling

---

[8] The Court reserves ruling on the appointment of an attorney from Levi & Korsinsky LLP as co-class counsel pending a supplemental declaration from Tran identifying an individual attorney from the firm and detailing her qualifications to serve as counsel for the class.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                                               Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

___

case).  The Court therefore concludes that the relief sought by Tran renders the class certifiable under Rule 23(b)(2).

Sioux's sole argument in opposition of certification under Rule 23(b)(2) is that Tran is not entitled to an injunction because she has stated that she no longer purchases Sioux products and accordingly, faces no "imminent or actual threat of future harm." (Opp. at 23-24.)  It is true that when considering certification of a class under Rule 23(b)(2), "the court must determine whether the named plaintiffs have standing to seek an injunction[.]" *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 573 (C.D. Cal. 2014).  To demonstrate standing for prospective injunctive relief, Tran must demonstrate that she has suffered "a concrete and particularized" harm and that there is a "sufficient likelihood that [she] will again be wronged in a similar way." *Bates v. United States Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

The Ninth Circuit recently addressed the issue raised by Sioux and held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir.), *cert. denied*, 139 S. Ct. 640, (2018) (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)). "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id*.  "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id*. at 969-70 (citing *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012)).  This is one such case, as Tran has indicated that she ceased purchasing Sioux products because Sioux was "labeling their product as pure … when it wasn't."  (Tran Depo. 31:22-23.)  She has also affirmatively stated that "[she] continues to purchase honey, but [does] not currently purchase Sue Bee Products," and "[she] plan[s] to continue to purchase honey in the future."  (Tran Decl. ¶ 5.)  Thus, Tran has plausibly alleged that absent the injunctive relief sought, she will be unable to rely on Sioux's advertising and labeling in the future.

___

**CIVIL MINUTES – GENERAL**                                                                                              15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                                  Date:  February 24, 2020
Title: Susan Tran v. Sioux Honey Association, Cooperative

Therefore, Tran has standing to seek injunctive relief, the Court finds that certification of a class for declaratory relief is appropriate under Rule 23(b)(2).

### C. Rule 23(c)(4)

The parties dispute whether an issues class should be certified under Rule 23(c)(4).  (Mot. at 16-18, Opp. at 24-25.)  "Certification of an issues class under Rule 23(c)(4) is appropriate only if it materially advances the disposition of the litigation as a whole." *Rahman v. Mott's LLP*, 693 F. App'x 578, 579 (9th Cir. 2017) (internal quotations omitted) (citing William B. Rubenstein, 2 Newberg on Class Actions 4:90 (5th ed. 2012); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1229–30 (9th Cir. 1996)). Tran contends that a Rule 23(c)(4) issue class is appropriate primarily to resolve the "simple question of whether Sioux Honey misled or deceived reasonable consumers by labeling its honey products as 'Pure' or '100% Pure' when the products contain glyphosate[.]"  (Mot. at 17.)  As the resolution of that question is a principal goal of the Rule 23(b)(2) class already certified herein, certification of such a Rule 23(c)(4) class would do nothing to materially advance the disposition of this litigation.  *See In Re ConAgra Foods, Inc.*, 302 F.R.D. 537, 581 (C.D. Cal. 2014) (declining to certify a Rule 23(c)(4) on the issue of "whether ConAgra [had] misled consumers by labeling Wesson Oils as being '100% Natural' when, in fact, they are made from GMOs," where it was unclear "what ultimate objective certifying a class to try [that] issue would advance").

Accordingly, Tran's Motion is DENIED as to the certification of a Rule 23(c)(4) issue class.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Tran's Motion for Class Certification.

1. The following Rule 23(b)(2) class is CERTIFIED:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00110-JLS-SS                                           Date:  February 24, 2020

Title: Susan Tran v. Sioux Honey Association, Cooperative

All persons residing in California, who, from January 2014 to the Present, purchased, for personal use and not resale, Sue Bee Products.

2. Plaintiff Susan Tran is APPOINTED as Class Representative.
3. Kim E. Richman of the Richman Law Group is APPOINTED as Class Counsel. Plaintiff may provide a supplemental declaration identifying and detailing the adequacy of the individual attorney from Levi & Korsinsky LLP who is to serve as co-class counsel in this case, within **fourteen (14) days** of this Order.

                                                                                Initials of Preparer: tg